UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                              CASE No. 1:09-cr-211-7

KALOUP POWERS,

                              HON. ROBERT J. JONKER

    Defendant.
_____/

## **OPINION REGARDING DEFENDANT POWERS'S FIRST STEP ACT MOTION**

### **INTRODUCTION**

Defendant Powers pleaded guilty to a Section 841(b)(1)(A) crack cocaine offense in February 2010. The offense of conviction exposed Defendant to a mandatory minimum sentence of ten years in prison and a maximum of life. On June 15, 2010, the Court imposed a sentence of 156 months imprisonment. This was below Defendant's guideline range, but still three years above the mandatory minimum. Since then, Defendant has received the benefit of certain retroactive guideline amendments and is currently serving a reduced sentence of 151 months imprisonment. According to the Bureau of Prisons website, Defendant Powers is currently scheduled to be released on May 15, 2021.

The matter before the Court is Defendant Powers's motion for modification or reduction in sentence under the newly enacted First Step Act, which provides for the retroactive application of certain sentencing reforms contained in the 2010 Fair Sentencing Act. (ECF No. 401). The Court appointed counsel to assist Defendant Powers with his First Step motion. Both sides have filed briefs. The government responds that Defendant Powers is not eligible for a reduced sentence

based on the 18 kilograms of crack cocaine attributed to him in the PSR. Alternatively, the government asserts that no reduction is warranted in this case, even if the Court finds him technically eligible. (ECF No. 407). The defense responds that the First Step Act goes further and opens the door to a plenary resentencing with the new mandatory minimum under Section 841 being the only limit. (ECF No. 408). According to the defense this means, among other things, that the Court should apply the current statutory framework and take into account Defendant Powers's post sentencing behavior to impose a reduced sentence.

The Court finds that Defendant Powers is eligible for relief under the First Step Act, but that he is not entitled to a plenary resentencing. Nor does the Court see any other need for a hearing on the fully briefed issues. The First Step Act grants reviewing courts the discretion to reduce, or not to reduce, an eligible defendant's sentence. The Court concludes, in its discretion, that no reduction is warranted for this eligible defendant. While the range of statutory penalties applicable to Defendant Powers may be reduced after applying the First Step Act, that range never constrained this Court in determining an appropriate sentence when imposing the original sentence. For this reason, and those detailed more fully below, the Court denies Defendant's motion to the extent it seeks a reduced sentence.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. *Defendant Powers's Charge & Plea*

Sometime around the fall of 2007, officers with the FBI in St. Joseph, Michigan, began an investigation into a drug trafficking organization (DTO) led by William Berry. As the investigation proceeded, investigators grew to suspect the DTO was moving multi-kilogram quantities of both powder and crack cocaine in Southwestern Michigan and Northern Indiana. Investigator reports subsequently connected Defendant Powers to the Berry DTO. Officers learned

Defendant Powers was the brother-in-law of Mr. Berry, and that Defendant Powers worked as a middleman for customers of the Berry DTO. Defendant Powers was arrested in July 2009 as part of the FBI's takedown of the DTO.

Defendant Powers, along with other members of the Berry DTO, was indicted on July 15, 2009. (ECF No. 1). With respect to Defendant Powers, the Indictment charged him with conspiracy to distribute five kilograms or more of powder cocaine and 50 grams or more of cocaine base (crack cocaine) in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(ii) & (iii) (Count 1). (ECF No. 1). On February 25, 2010, Defendant Powers pleaded guilty to Count 1 of the Indictment under the terms of a written plea agreement. (ECF No. 131).

### 2. *PSR & Sentencing*

The Final Presentence Report (PSR) prepared by the probation officer found that Defendant Powers was responsible for 18 kilograms of crack cocaine. (PSR ¶ 27). The quantity, in turn, triggered an initial base offense level of 38, the highest level under the drug guidelines.[1] After adjusting downward for acceptance of responsibility, the total offense level was 35. (PSR ¶ 96).

The officer next scored Defendant's criminal history at three points, resulting in a criminal history category of II. (PSR ¶ 100). The guideline range for the offense, based on a total offense level of 35 and criminal history category of II, was 188 to 235 months on the chart. (PSR ¶ 139). There were no guideline objections raised during the June 14, 2010, sentencing hearing and the Court accepted the PSR's guideline determination.

---

[1] At the time of Defendant's sentence, 18 kilograms of crack cocaine was four times the amount necessary to trigger the highest offense level under the chapter, and 360 times the amount necessary to trigger the ten-year mandatory minimum penalty of Section 841(b)(1)(A)(iii).

In applying the Section 3553(a) factors during Defendant's sentencing, the Court concluded a sentence within the guideline range was too much punishment to achieve the purposes of sentencing. The Court highlighted a number of considerations that led it to conclude as much, including that Defendant's involvement in the conspiracy was less significant than with respect to other defendants in the conspiracy; and that Defendant had only minimal contact with the criminal justice system before the offense of conviction.

The Court then concluded that a modest downward variance would better reflect the sentencing considerations. The Court declined, however, to vary downward to the mandatory minimum (as suggested by the defense) noting that such a reduction would be inappropriate for "somebody that has dealt for a period of years in significant quantities of crack cocaine that are a multiple of what would be required to move into the range of level 38 as a base offense." (ECF No. 279, PageID.1072).

The Court proceeded to impose a sentence of 156 months on Count 1, followed by a 5-year term of supervised release. Judgment entered on June 15, 2010. (ECF No. 196). Defendant did file a direct appeal of his convictions or sentence.

3. *Post Sentencing Matters*

   A. *Defendant Powers's Section 2255 Motion*

On September 6, 2011, Defendant Powers filed a motion to vacate, set aside or correct his sentence under Section 2255. *Powers v. United States*, 1:11-cv-937 (W.D. Mich. filed Sept. 6, 2011). Defendant Powers initially asserted he received ineffective assistance of counsel for counsel's failure to file an appeal, but Defendant subsequently sent a letter to the Court stating he was seeking to challenge the calculation of his sentence and asking the Court to "disregard" his

Section 2255 motion. The Court dismissed the Section 2255 motion on April 19, 2012. (2255 ECF No. 12).

### B. Defendant Powers's Guideline Amendment 750 Motion

On December 16, 2011, Defendant Powers moved to reduce his sentence under Guideline Amendment 750. (ECF No. 278). In a Sentence Modification Report, the probation officer determined that Defendant's amended guideline calculations remained unchanged based on the quantity of crack cocaine. The 18 kilograms of crack cocaine was still enough to trigger offense level 38. (ECF No. 314). The Court denied the motion for the same reason on January 7, 2013. (ECF No. 325). The Court denied another motion seeking a reduction on February 7, 2014. (ECF No. 333).

### C. Defendant Powers's Guideline Amendment 782 Motion

On October 31, 2014, Defendant Powers moved to reduce his sentence under Guidelines Amendment 782. (ECF No. 335). The probation officer prepared a Sentence Modification Report with the following analysis using the November 1, 2014 edition of the guideline manual.

| | | |
|---|---|---|
| Base Offense Level (Count 1): | 36 | (based on 18 kilograms of crack cocaine. *See* § 2D1.1(c)(2) (2014))[2] |
| Adjusted Offense Level: | 36 | |
| Adjustment for Acceptance: | -3 | |
| **Total Offense Level:** | **33** | |

Applying the amendment had the effect, therefore, of reducing Defendant's offense level by three levels. Defendant's Criminal History Category remained at II, and so his amended guideline range was 151 to 188 months on the chart. (Nov. 2015 SMR, ECF No. 380, PageID.1485). On

---

[2] Under the 2014 edition of the guidelines, at least 25.2 kilograms of crack cocaine was necessary to trigger offense level 38, the offense level originally applicable to Defendant.

5

December 3, 2015, the Court granted the motion and reduced Defendant's sentence to 151 months, the bottom end of the amended guideline range. (ECF No. 389). The sentencing guideline policy statements did not permit a further reduction. *See* U.S.S.G. § 1B1.10(b)(2)(A) (noting "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3852(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range.")

### 4. *The Fair Sentencing Act of 2010*

In the summer of 2010 (after Defendant Powers had been sentenced) Congress passed the Fair Sentencing Act of 2010, Pub L. No. 111-220, 124 Stat. 2372 (2010). The Fair Sentencing Act reduced the sentencing disparity between crack and powder cocaine offenses by increasing the amount of crack cocaine needed to trigger the mandatory minimums established in the Anti-Drug Abuse Act of 1986. *United States v. Blewett*, 746 F.3d 647, 649 (6th Cir. 2013) (en banc); *see also Dorsey v. United States*, 567 U.S. 260, 263-64 (2012). More specifically, the Fair Sentencing Act increased the threshold quantity in 21 U.S.C. § 851(b)(1)(A)(iii) from 50 grams or more of crack cocaine to 280 grams or more. Fair Sentencing Act at § 2(a)(1). The Fair Sentencing Act also increased the threshold quantity in 21 U.S.C. § 841(b)(1)(B)(iii) from 5 grams or more of crack cocaine to 28 grams or more. Fair Sentencing Act at § 2(a)(2). Today, therefore, in order to trigger the 10 years to life sentencing range of Section 841(b)(1)(A)(iii) that Defendant Powers was convicted under, the offense must involve more than 280 grams of crack cocaine.

Those changes made by the Fair Sentencing Act, however, were not retroactive. *Blewett*, 746 F.3d at 650.[3] Because Defendant Powers had been convicted and sentenced before the Fair Sentencing Act's enactment he was not, at that time, eligible for any relief.

---

[3] In *Dorsey v. United* States, 567 U.S. 260 (2012), the Supreme Court determined that the Fair Sentencing Act applied to any defendant sentenced on or after August 3, 2010, regardless of when

6

5. *The First Step Act of 2018*

On December 21, 2018, President Trump signed the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (the "First Step Act") into law. The First Step Act "modified prior sentencing law and expanded vocational training, early-release programs, and other programming designed to reduce recidivism." *United States v. Simons*, 375 F. Supp. 3d 379, 385 (E.D.N.Y. 2019). In Section 404 of the First Step Act, Congress made the Fair Sentencing Act's statutory changes for crack cocaine offenses retroactive to defendants who were sentenced before August 3, 2010:

> SEC. 404. APPLICATION OF FAIR SENTENCING ACT.
>
> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

---

the offense occurred. Because Defendant Powers was sentenced before August 3, 2010, *Dorsey* did not provide him with a pathway to any relief.

First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194 (2018).

Accordingly, defendants who were convicted before August 3, 2010 of a crack cocaine offense for which the Fair Sentencing Act reduced their statutory penalties are now eligible for consideration of a reduced sentence. First Step Act of 2018, Pub. L. No. 115-319, § 404(a), (b), 132 Stat. 5194 (2018). Whether to reduce the sentence of an eligible defendant is left to the reviewing court's discretion. *Id.* at § 404(c). No reduction is required.

## DISCUSSION

**1. Summary of the Court's Process**

In an earlier decision in a separate case, this Court set out a two-step process for evaluating First Step Act motions. *See United States v. Boulding*, 379 F. Supp. 3d 646 (W.D. Mich. May 16, 2019). The first step is determining eligibility. In *Boulding* the Court concluded that "eligibility under the language of the First Step Act turns on a simple, categorical question: namely, whether a defendant's offense of conviction was a crack cocaine offense affected by the Fair Sentencing Act." *Id.* at 651. As applied to that case, this determination meant that the quantity of narcotics (whether admitted, found by a jury, or found by a court) did not factor into the question of eligibility. That is true here as well. Based on the Court's approach in *Boulding*, these questions do not affect the categorical eligibility determination. They simply inform the Court's discretionary call at the second step.

At the second step, a reviewing court evaluates the motion to determine whether it should exercise its discretion to reduce a defendant's sentence. This calls for a determination of the scope of the relief available. Here the Court previously determined, and reaffirms here, that the First Step Act does not provide for a plenary-resentencing. *Id.*; *see also United States v. Davis*, No. 07-CR-245S (1), 2019 WL 1054554, at *2 (W.D.N.Y. Mar. 6, 2019) (concluding the First Step

8

Act does not provide for a plenary resentencing and that the defendant need not be present for a reduction in sentence); *United States v. Jones*, No. 2:05-CR-29-FL-1, 2019 WL 2480113, at *2 (E.D.N.C. June 11, 2019) (noting that under 18 U.S.C. § 3582(c) a court may not modify a term of imprisonment except for a narrow range of situations, including "to the extent otherwise expressly permitted by statute," 18 U.S.C. § 3582(c)(1)(B) and holding that "[t]he First Step Act permits the court to impose a 'reduced sentence' and 'modify' the term of imprisonment under § 3582(c)(1)(B), but it does not 'expressly permit' full resentencing."). But as the Court has also remarked, "unlike earlier rounds of retroactive crack or other drug sentencing relief, the First Step Act does not impose any artificial or guideline limits on a reviewing court. These earlier rounds of retroactive reduction proceeded under 18 U.S.C. § 3582(c)(2) based on Sentencing Commission guideline reductions and were therefore subject to the limitations built into that section. The First Step Act is different. The Sentencing Commission has nothing to do with it." *Boulding*, 379 F. Supp. 3d at 653. At this point the Court considers whether to reduce a sentence by looking at the factors set out in Section 3553(a), the revised statutory range under the Fair Sentencing Act, any amendments to the guideline range, and post-sentencing conduct. *Jones*, 2019 WL 248-113, at *2.

   **2. Defendant Powers is Eligible for a Reduced Sentence.**

At the first step, the Court concludes Defendant Powers is eligible for consideration of a reduced sentence under the First Step Act. Defendant Powers's offense was committed before the Fair Sentencing Act's enactment on August 3, 2010; he was further convicted under the enhanced penalties found in Sections 841(b)(1)(A)(iii); and those penalties were "modified by section 2 . . . of the Fair Sentencing Act of 2010[.]" He was, accordingly, convicted of a "covered offense."

The categorical limitations in Section 404(c) also do not apply to Defendant Powers. His sentence was not "previously imposed or previously reduced in accordance" with the amendments made by sections 2 and 3 of the Fair Sentencing Act.[4] And he has not previously moved to reduce his sentence under Section 404 of the First Step Act. Accordingly, the Court concludes that Defendant is eligible under Section 404(a) for a reduced sentence under Section 404(b).

The government asserts Defendant Powers is not eligible because the quantity of narcotics he is responsible for—18 kilograms of crack cocaine—still exceeds the 280 grams of crack cocaine now necessary to trigger the original penalty range. As noted above, the Court has declined to adopt this approach, as have many other courts. *See* Andy Sullivan, *As New U.S. Law Frees Inmates, Prosecutors Seek to Lock Some Back Up*, Reuters (July 23, 2019, 6:07 AM),

---

[4] It may be argued that Defendant Powers is, in fact, serving a sentencing that has been previously reduced under in accordance with these sections since he has received a reduced sentence under the guideline amendment. Indeed, some courts have found a defendant who previously received a reduced sentence under the guideline amendments following the Fair Sentencing Act's enactment to be ineligible for relief. *See United States v. Curb*, No. 06 CR 324-31, 2019 WL 2017184 (N.D. Ill. May 7, 2019) (noting "the sentencing changes wrought by the FSA included not only the change in the quantities needed to trigger application of the mandatory minimum sentences but also the Guideline amendments necessary to implement those statutory changes"). Defendant Powers, however, received no reduction under Guideline Amendment 750 or 759. So those motions did not result in a sentence that was "previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act." While Defendant subsequently did receive a reduced sentence under Guideline Amendment 782, the Sentencing Commission has remarked that in promulgating this amendment, the Commission "separately reduced the drug guidelines for all drugs, including crack cocaine, by two levels, and made this change retroactive." Report to the Congress: Impact of the Fair Sentencing Act of 2010; UNITED STATES SENTENCING COMMISSION (Aug. 2015), *available at https://www.ussc.gov/sites/default/files/pdf/news/congressional-testimony-and-reports/drug-topics/201507_RtC_Fair-Sentencing-Act.pdf.* So, as the government concedes, Amendment 782 was unrelated to the Fair Sentencing Act. (ECF No. 407, PageID.1662). Instead it was issued under the Sentencing Commission's general authority found in 28 U.S.C. §§ 994-995. *See* "Notice of proposed amendments to sentencing guidelines, policy statements, and commentary....," 79 Fed. Reg. 3280–01 (January 17, 2014) (noting that the Sentencing Commission was considering certain guideline amendments (including Amendment 782) under the statutory authority of 28 U.S.C. §§ 994(a), (o), and (p)).

https://www.reuters.com/article/us-usa-crime-firststep-insight/as-new-u-s-law-frees-inmates-prosecutors-seek-to-lock-some-back-up-idUSKCN1UI132 (noting 73 of 81 reviewed cases have declined to adopt government argument that reviewing courts "should base their decision on the total amount of drugs that were found to be involved during the investigation, rather than the often smaller or more vague amount laid out in the law [the defendant] violated years ago."). The Court is satisfied that Defendant Powers qualifies as an eligible individual under the First Step Act.

3. **Scope of Relief**

   a. *Guideline Comparison*

At the second step, the Court considers the scope of relief available to Defendant Powers and then proceeds to determine by how much, if any, it should reduce the Defendant's sentence. The Court begins with a guideline range comparison. The table below demonstrates the differences between the offense level calculation as to Defendant's crack cocaine conviction in Count 1 as it existed when Defendant Powers was originally sentenced in 2010 and the guidelines as they exist now, taking into account all intervening drug guideline amendments and the retroactive application of the Fair Sentencing Act.

| Count 1 | Original Guidelines | Current Guidelines |
|---|---|---|
| **Base Offense Level**<br><br>*18 KG of crack cocaine* | Level 38 (§ 2D1.1(c)(1) (2009))<br><br>*4.5 KG or more of crack cocaine* | Level 36 (§ 2D1.1(c)(2) (2018))<br><br>*At least 8.4 KG but less than 25.2 KG of crack cocaine* |
| **Adjustments for Acceptance of Responsibility** | -3 levels (§ 3E1.1(a) & (b)) | -3 levels (§ 3E1.1(a) & (b)) |
| **Total Drug Offense Level (After Acceptance)** | Level 35 | Level 33 |
| **Statutory Penalty** | 10 years to life<br>*Section 841(b)(1)(A)(iii)* | 5 to 40 years<br>*Section 841(b)(1)(B)(iii)* |
| **Total Offense Level** | Level 35 | Level 33 |

| **Criminal History Category** | Category II<br>*3 Criminal History Points* | Category II<br>*3 Criminal History Points* |
|---|---|---|
| **Guideline Range** | 188 to 235 months<br>*(LO 35; CHC II)* | 151 to 188 months<br>*(LO 33; CHC II)* |

As the above chart demonstrates, Defendant Powers guideline range with respect to Count 1 is reduced from 188 to 235 months, to 151 to 188 months. The reduction comes from the three-level reduction in Defendant Powers's base offense level under intervening guideline amendments. While the range of statutory penalties based on the quantity charged has also been reduced, this reduction does not affect the sentencing guidelines in this case.

### b. *Discretionary Decision in this Case*

The Court has considered the position of both parties on the revised guideline issue and on quantity. The Court has also reviewed the original PSR, and the rest of the record, including a report from the Bureau of Prisons relating to Defendant Powers' post-sentencing conduct. After its review, the Court determines not to exercise its discretion in this case. *See* First Step Act § 404(c).

All things considered, the Court is satisfied that Defendant Powers's sentence, as modified in the Court's December 3, 2015, Order, reflects the appropriate balance of the sentencing considerations. The only practical effect of the First Step Act as applied to Defendant Powers is a three-point reduction in Defendant's offense level, and a reduction in his statutory penalties from Section 841(b)(1)(A) to Section 841(b)(1)(B). The former consideration has already been accounted for in the Court's December 3 Order, and the latter consideration has no real heft because the statutory penalties have never constrained the Court's ability to consider the full range of the Section 3553(a) sentencing factors.

To be sure, the fact that Defendant's guideline range remains unchanged "does not foreclose a reduction of his sentence[.]" *United States v. Garrett*, No. 1:03-cr-62, 2019 WL 2603531, at *3 (S.D. Ind. June 25, 2019). But this factor is certainly one of the several considerations the Court takes into account when determining whether to exercise its discretion. The Court further acknowledges that the First Step Act does not include the artificial guideline constraints that applied in previous rounds of retroactive relief, including with respect to Defendant's motion under Guideline Amendment 782. The First Step Act would permit, if the Court thought it warranted, a below amended guideline sentence.

But the Court discerns no reason to do so now. That a Defendant may have originally received a below guideline sentence does not logically require the same variance with respect to any subsequent reduction in the guideline range. And it remains the case that Defendant brought significant amounts of crack cocaine over a number of years into West Michigan communities. The amount of narcotics Defendant is responsible for, moreover, continues to be enough to meet the second highest offense level under the drug guidelines. The sentence Defendant is currently serving—151 months—is the best balance of the Section 3553 factors.

As the Court originally commented during Defendant Power's sentencing, the Court fully expects Defendant to be able to become a contributing member to society upon his release. He had minimal contacts with the criminal system prior to his involvement in the offense of conviction. Indeed, the report from the Bureau of Prisons regarding Defendant's conduct while imprisoned reflects no disciplinary infractions. Since sentencing, Defendant has also completed programs focused on drug abuse, and other educational programs. The Court encourages Defendant to continue in these efforts. But the Court determines this progress, as important and commendable as it may be, does not compel a different result in this case.

## CONCLUSION

The Court declines to exercise its discretion under the First Step Act to reduce the sentence of an eligible defendant. Defendant Powers's motion for a modification or reduction of sentence under the First Step Act (ECF No. 401) is therefore denied.

A separate Order consistent with this Opinion shall issue.


Dated:   August 14, 2019             /s/ Robert J. Jonker
                                                    ROBERT J. JONKER
                                                    CHIEF UNITED STATES DISTRICT JUDGE